UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re:<br><br>Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico corporation sole,<br><br>        Debtor-in-Possession. | Chapter 11<br><br>Bankruptcy Case No. 18-13027-t11 |
| Official Committee of Unsecured Creditors,<br><br>        Plaintiff,<br><br>   v.<br><br>The Roman Catholic Church of the Archdiocese of Santa Fe; Rev. Msgr. Lambert J. Luna; Rev. John Cannon; Rev. Timothy A. Martinez; Rev. Clarence Maes; Rev. John Trambley; Very Rev. James Marshall; Rev. Msgr. Bennett J. Voorhies; Tony Salgado; Jennifer Cantrell; Bernard E. "Gig" Brummell; and Stan Sluder, solely in their capacity as trustees of The Archdiocese of Santa Fe Deposit and Loan Fund; Nativity of the Bless[ed][1] Virgin Mary; Our Lady of the Annunciation; Our Lady of the Assumption – Albuquerque; Risen Savior Catholic Community; Our Lady of Belen; Immaculate Heart of Mary; San Clemente; St. John Vianney Church; St. Thomas Aquinas; and San Miguel,<br><br>        Defendants. | Adv. Proc. No. 20-ap-01061 |

**ANSWER OF THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF <u>FRAUDULENT TRANSFERS; DECLARATORY AND INJUNCTIVE RELIEF</u>**

     Defendant the Roman Catholic Church of the Archdiocese of Santa Fe, a corporation sole

(the "Archdiocese"), by counsel, hereby answers Plaintiff the Official Committee of Unsecured

---

[1] Misidentified in the caption of the Complaint.

1

Creditors' ("UCC") Complaint for Avoidance and Recovery of Fraudulent Transfers; Declaratory and Injunctive Relief ("Complaint") (Doc. No. 1) as follows:

1. In response to the allegations in Paragraph 1 of the complaint, the Archdiocese states that beginning in 2012 and by January 1, 2013, the parishes of the Archdiocese were incorporated under New Mexico law. The Archdiocese denies the remaining allegations of Paragraph 1.

2. The Archdiocese denies the allegations of Paragraph 2, to the extent that the Complaint seeks to characterize Parish property as property of the Archdiocese (in violation of Canon Law).

3. The Archdiocese denies the allegations of Paragraph 3.

4. The Archdiocese denies the allegations of Paragraph 4.

5. In response to the allegations in Paragraph 5 of the Complaint, the Archdiocese admits that on or about January 1, 2013, the Indenture of Trust for the RE Corp. and the Indenture of Trust for the D&L Trust (the "Indenture of Trust") were effective. The Archdiocese further admits that as of the Petition Date (December 3, 2018, defined in Plaintiff's Complaint at ¶ 15), the Parishes were separately incorporated. The Archdiocese denies the remaining allegations of Paragraph 5.

6. The Archdiocese admits that the Archdiocese is a beneficiary of the D&L Trust, solely to the extent that Archdiocese property is on deposit (there is none). The Archdiocese further admits that pursuant to Paragraph 14 of the Indenture of Trust, the Archdiocese can terminate the D&L Trust under circumstances not relevant to the Complaint. By its terms the D&L Trust is an irrevocable trust. The Archdiocese denies the remaining allegations of Paragraph 6.

7. The Archdiocese denies the allegations of Paragraph 7. A feasible plan of reorganization, based on a reasonable settlement among the Archdiocese, the Parishes, and the creditors, rather than baseless litigation, is critical to the chapter 11 case.

8. The Archdiocese admits the allegations of Paragraph 8.

2

Case 20-01061-t    Doc 8    Filed 11/30/20    Entered 11/30/20 19:56:54 Page 2 of 16

9. The Archdiocese admits the allegations of Paragraph 9.

10. The Archdiocese denies the allegations of Paragraph 10, which are legal conclusions. The Archdiocese consents to the entry of final orders and judgments by the bankruptcy judge.

11. The Archdiocese admits the allegations of Paragraph 11.

12. The Archdiocese admits that it is the debtor and debtor-in-possession in the underlying bankruptcy case. The Archdiocese denies the remaining allegations of Paragraph 12.

13. The Archdiocese admits that Lambert J. Luna, John Cannon, Timothy A. Martinez, Clarence Maes, John Trambley, James Marshall, Bennett J. Voorhies, Tony Salgado, Jennifer Cantrell, Bernard E. "Gig" Brummell, and Stan Sluder are individuals and residents of New Mexico who were, at one time, the Trustees of the D&L Trust. Certain of these individuals are no longer Trustees of the D&L Trust.

14. The Archdiocese admits that the following are parishes of the Archdiocese: (a) Nativity of the Blessed Virgin Mary; (b) Our Lady of the Annunciation; (c) Our Lady of the Assumption – Albuquerque; (d) Risen Savior Catholic Community; (e) Our Lady of Belen; (f) Immaculate Heart of Mary; (g) San Clemente; (h) St. John Vianney Church; (i) St. Thomas Aquinas; and (j) San Miguel (the "Parishes"). The Archdiocese further admits that each of the Parishes are domestic nonprofit corporations located in the State of New Mexico. The Archdiocese also admits that under section 2(e) of the Indenture of Trust, each of the Parishes, and all other

3

parishes of the Archdiocese, are Participants of the Trust. The Archdiocese denies the remaining allegations of Paragraph 14.

15. The Archdiocese admits the allegations of Paragraph 15.

16. The Archdiocese admits the allegations of Paragraph 16.

17. In response to the allegations contained in Paragraph 17 of the Complaint, the Archdiocese admits that it is the "Grantor" of the D&L Trust. The Archdiocese denies the remaining allegations of Paragraph 17.

18. In response to the allegations in Paragraph 18 of the Complaint, the Archdiocese states that the Exhibit A to the Complaint appears to be a copy of the Indenture of Trust for the D&L Trust ("Indenture of Trust").

19. In response to the allegations in Paragraph 19 of the Complaint, the Archdiocese states that the Indenture of Trust is the best evidence of the information contained therein. To the extent the allegations in Paragraph 19 of the Complaint are inconsistent with the document, the allegations are denied.

20. The Archdiocese admits that, pursuant to Paragraph 4 of the Indenture of Trust, the D&L Trust is to "support the religious, charitable and educational purposes" of the Participants, as informed by Canon Law. In further response to the allegations in Paragraph 20 of the Complaint, the Archdiocese states that the complete Indenture of Trust is the best evidence of the information contained therein and to the extent the allegations in the Complaint are inconsistent with the document, the allegations are denied.

21. The Archdiocese admits that, pursuant to Paragraph 5 of the Indenture of Trust, the power of control and management of the D&L Trust rests exclusively in the Trustees and the Trustees are appointed by the Archbishop. In further response to the allegations in Paragraph 21 of the Complaint, the Archdiocese states that the complete Indenture of Trust is the best evidence

4

of the information contained therein and to the extent the allegations in the Complaint are inconsistent with the document, the allegations are denied.

22. The Archdiocese admits that, pursuant to Paragraph 14 of the Indenture of Trust, the Archdiocese may terminate the D&L Trust under circumstances not relevant to the Complaint. The Archdiocese denies the remaining allegations of Paragraph 22 and further states that the D&L Trust is irrevocable. The Archdiocese further states that the complete Indenture of Trust is the best evidence of the information contained therein and to the extent the allegations in the Complaint are inconsistent with the document, the allegations are denied.

23. In response to Paragraph 23 of the Complaint, the Archdiocese states that Exhibit B to the Complaint appears to be a true copy of the Bylaws of the D&L Trust, as amended (the "Bylaws").

24. In response to the allegations contained in Paragraph 24 of the Complaint, the Archdiocese states that the complete referenced document is the best evidence of the information contained therein and to the extent that any of the allegations contained in Paragraph 24 are inconsistent with the document, the allegations are denied.

25. In response to the allegations contained in Paragraph 25 of the Complaint, the Archdiocese states that the complete referenced document is the best evidence of the information contained therein and to the extent that any of the allegations contained in Paragraph 25 are inconsistent with the document, the allegations are denied.

26. The Archdiocese admits that on or about January 1, 2013, the Archdiocese and D&L Trust, by Tony Salgado as Chairman of the Trustees, entered into a D&L Fund Support Services Agreement. The Archdiocese further admits that pursuant to Section 1 of the D&L Fund Support Services Agreement, the Archdiocese shall provide accounting and management services to the D&L Trust in accordance with the D&L Trust's needs and the Archdiocese's capacity to

provide such services, as informed by Canon Law. The Archdiocese denies the remaining allegations of Paragraph 26.

27. In response to the allegations in Paragraph 27 of the Complaint, the Archdiocese states that the complete referenced document is the best evidence of the information contained therein and to the extent the allegations in Paragraph 27 of the Complaint are inconsistent with the document, the allegations are denied.

28. In response to the allegations in Paragraph 28 of the Complaint, the Archdiocese states that the records of the DLF Trust are the best evidence of payments made by the DLF Trust and to the extent the allegations in Paragraph 28 of the Complaint are inconsistent with those records, the allegations are denied.

29. In response to the allegations contained in Paragraph 29 of the Complaint, the Archdiocese admits that on or about January 1, 2013, the Archdiocese on the one hand, and the Trustees of the D&L Trust, by Tony Salgado as Chairman of Trustees, on the other hand, entered into an agreement entitled "Transfer of Assets." The Archdiocese further admits that pursuant to the Transfer of Assets, the Archbishop transferred, conveyed, and assigned to the trustees of the D&L Trust any and all interest it had in all assets consisting of the D&L Trust currently held as custodian by the Archbishop, including loans and accounts receivable, subject to all liabilities and obligations associated with the operation of the D&L Trust. The Archdiocese further states that it transferred only the beneficial interest in the assets, then having no legal interest in the assets, as it was a trustee. The Archdiocese denies the remaining allegations of Paragraph 29. The Archdiocese further states that there is no Exhibit C to the Complaint, and therefore denies that Exhibit C is a true and correct copy of the Transfer of Assets.

30. The Archdiocese admits that in or about June of 2013, the assets consisting of the D&L Trust held as custodian by the Archbishop, including loans and accounts receivable, were

6

transferred to the D&L Trust. The Archdiocese further states that it transferred only the beneficial interest in the assets, then having no legal interest, as it was a trustee.

31. In response to the allegations in Paragraph 31 of the Complaint, the Archdiocese states that the audit reports are the best evidence of the contents thereof and to the extent the allegations in Paragraph 31 of the Complaint are inconsistent with those reports, the allegations are denied.

32. In response to the allegations in Paragraph 32 of the Complaint, the Archdiocese states that the audit reports are the best evidence of the contents thereof and to the extent the allegations in Paragraph 32 of the Complaint are inconsistent with those reports, the allegations are denied.

33. The Archdiocese denies the allegations contained in Paragraph 33.

34. The Archdiocese admits that Parishes from time to time deposit and withdraw their owns funds from the D&L Trust. All other allegations of Paragraph 34 are denied.

35. The Archdiocese denies the allegations of Paragraph 35.

36. The Archdiocese denies the allegations of Paragraph 36.

37. The Archdiocese denies the allegations of Paragraph 37.

38. The Archdiocese denies the allegations of Paragraph 38.

39. The Archdiocese lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 39 and, therefore, denies the same.

40. In response to the allegations contained in Paragraph 40 of the Complaint, the Archdiocese admits that a case captioned *John Doe 1 et al. v. Roman Catholic Church of the Archdiocese and Our Lady of Sorrows Church*, First Judicial District, County of Santa Fe, Case No. D-101-CV-2016-02908 was pending on the Petition Date. The Archdiocese further admits that a case captioned *John Doe 70 v. Archdiocese of Santa Fe*, Second Judicial District Court, County of Bernalillo, Case No. D-202-CV-2017-08542 was pending on the Petition Date. The Archdiocese

is without information or knowledge sufficient to admit or deny the remainder of the allegations contained in Paragraph 40 of the Complaint, and therefore denies the same.

41. The Archdiocese denies the allegations of Paragraph 41.

## FIRST CLAIM FOR RELIEF

42. The Archdiocese incorporates by reference its responses to Paragraphs 1 through 41 as if fully set forth herein.

43. The Archdiocese denies the allegations of Paragraph 43.

44. The Archdiocese denies the allegations of Paragraph 44.

45. The Archdiocese denies the allegations of Paragraph 45.

46. The Archdiocese denies the allegations of Paragraph 46.

47. The Archdiocese denies the allegations of Paragraph 47.

## SECOND CLAIM FOR RELIEF

48. The Archdiocese incorporates by reference its responses to Paragraphs 1 through 47 as if fully set forth herein.

49. The Archdiocese denies the allegations of Paragraph 49.

50. The Archdiocese denies the allegations of Paragraph 50.

51. The Archdiocese denies the allegations of Paragraph 51.

52. The Archdiocese denies the allegations of Paragraph 52.

53. The Archdiocese denies the allegations of Paragraph 53.

54. The Archdiocese denies the allegations of Paragraph 54.

## THIRD CLAIM FOR RELIEF

55. The Archdiocese incorporates by reference its responses to Paragraphs 1 through 54 as if fully set forth herein.

56. The Archdiocese denies the allegations of Paragraph 56.

57. The Archdiocese denies the allegations of Paragraph 57.

58. The Archdiocese denies the allegations of Paragraph 58.

59. The Archdiocese denies the allegations of Paragraph 59.

60. The Archdiocese denies the allegations of Paragraph 60.

61. The Archdiocese denies the allegations of Paragraph 61.

## FOURTH CLAIM FOR RELIEF

62. The Archdiocese incorporates by reference its responses to Paragraphs 1 through 61 as if fully set forth herein.

63. The Archdiocese admits that the parishes of the Archdiocese incorporated prior to January 1, 2013. The Archdiocese denies the remaining allegations of Paragraph 63.

64. The Archdiocese denies the allegations of Paragraph 64.

65. The Archdiocese denies the allegations of Paragraph 65.

66. The Archdiocese denies the allegations of Paragraph 66.

67. The Archdiocese denies the allegations of Paragraph 67.

68. The Archdiocese denies the allegations of Paragraph 68.

## FIFTH CLAIM FOR RELIEF

69. The Archdiocese incorporate by reference its responses to Paragraphs 1 through 68 as if fully set forth herein.

70. The Archdiocese denies the allegations of Paragraph 70.

71. The Archdiocese denies the allegations of Paragraph 71.

72. The Archdiocese denies the allegations of Paragraph 72.

73. The Archdiocese denies the allegations of Paragraph 73.

74. The Archdiocese denies the allegations of Paragraph 74.

75. The Archdiocese denies the allegations of Paragraph 75.

## SIXTH CLAIM FOR RELIEF

76. The Archdiocese incorporates by reference its responses to Paragraphs 1 through 75 as if fully set forth herein.

77. The Archdiocese denies the allegations of Paragraph 77.

78. The Archdiocese denies the allegations of Paragraph 78.

79. The Archdiocese denies the allegations of Paragraph 79.

80. The Archdiocese denies the allegations of Paragraph 80.

81. The Archdiocese denies the allegations of Paragraph 81.

82. The Archdiocese denies the allegations of Paragraph 82.

## **SEVENTH CLAIM FOR RELIEF**

83. The Archdiocese incorporates by reference its responses to Paragraphs 1 through 82 as if fully set forth herein.

84. The Archdiocese admits that it is the "Grantor" of the D&L Trust. The Archdiocese denies the remaining allegations of Paragraph 84.

85. The Archdiocese admits that it is a beneficiary of the D&L Trust because pursuant to Paragraph 2(e) of the Indenture of Trust, the Archdiocese is one of the Participants of the D&L Trust and each Participant is the beneficial owner of its portion or share of the D&L Trust (there is in fact no such share or property). The Archdiocese further admits that pursuant to Paragraph 4 of the Indenture of Trust, the D&L Trust is to support the religious, charitable and educational purposes of the D&L Trust Participants, as informed by Canon Law. The Archdiocese denies the remaining allegations of Paragraph 85.

86. The Archdiocese denies the allegations of Paragraph 86.

87. The Archdiocese denies the allegations of Paragraph 87.

88. The Archdiocese denies the allegations of Paragraph 88.

89. The Archdiocese denies the allegations of Paragraph 89.

## **EIGHTH CLAIM FOR RELIEF**

90. The Archdiocese incorporates by reference its responses to Paragraphs 1 through 89 as if fully set forth herein.

91. The Archdiocese denies the allegations of Paragraph 91.

92. The allegations of Paragraph 92 constitute legal conclusions for which no response is necessary. To the extent a response is deemed required, the Archdiocese denies the allegations of Paragraph 92.

93. The Archdiocese denies the allegations of Paragraph 93.

94. The Archdiocese denies the allegations of Paragraph 94. Further, the Archdiocese states that on November 5, 2020, the Court entered orders concerning the standing granted to the UCC to commence, prosecute, and settle the adversary proceedings, the implications of which are self-explanatory and were not presented in the Complaint and, therefore, do not require a response.

95. The Archdiocese denies the allegations of Paragraph 95.

96. The Archdiocese denies the allegations of Paragraph 96.

97. The Archdiocese denies the allegations of Paragraph 97.

## NINTH CLAIM FOR RELIEF

98. The Archdiocese incorporates by reference its responses to Paragraphs 1 through 97 as if fully set forth herein.

99. The Archdiocese admits that it is the grantor of the D&L Trust. The Archdiocese denies the remaining allegations of Paragraph 99.

100. The Archdiocese admits that the Archdiocese is a beneficiary of the D&L Trust because pursuant to Paragraph 2(e) of the Indenture of Trust, the Archdiocese is one of the Participants of the D&L Trust and each Participant is the beneficial owner of its portion or share of the D&L Trust (the Archdiocese has none). The Archdiocese further admits that pursuant to Paragraph 4 of the Indenture of Trust, the D&L Trust is to support the religious, charitable and educational purposes of the D&L Trust Participants. The Archdiocese denies the remaining allegations of Paragraph 100.

101. The Archdiocese denies the allegations of Paragraph 101.

102. The allegations of Paragraph 102 constitute a legal conclusion for which no response is necessary. To the extent a response is deemed required, the Archdiocese denies the allegations of Paragraph 102.

11

103. The Archdiocese denies the allegations of Paragraph 103. Further, the Archdiocese states that on November 5, 2020, the Court entered orders concerning the standing granted to the UCC to commence, prosecute, and settle the adversary proceedings, the implications of which are self-explanatory and were not presented in Plaintiff's Complaint and, therefore, do not require a response.

104. The Archdiocese denies the allegations of Paragraph 104.

105. The Archdiocese denies the allegations of Paragraph 105.

106. The Archdiocese denies the allegations of Paragraph 106.

## TENTH CLAIM FOR RELIEF

107. The Archdiocese incorporates by reference its responses to Paragraphs 1 through 106 as if fully set forth herein.

108. In response to the allegations contained in Paragraph 108 of the Complaint, the Archdiocese states that its bankruptcy estate does not include the assets in the D&L Trust or the income derived therefrom, as the Archdiocese has no funds in the D&L Trust. The Archdiocese further states that these assets and income are not available to pay the claims of any of the Archdiocese's creditors. The Archdiocese denies the remaining allegations of Paragraph 108.

109. The Archdiocese denies the allegations of Paragraph 109.

110. The Archdiocese denies the allegations of Paragraph 110.

## ELEVENTH CLAIM FOR RELIEF

111. The Archdiocese incorporates by reference its responses to Paragraphs 1 through 110 as if fully set forth herein.

112. The Archdiocese denies the allegations of Paragraph 112.

113. The Archdiocese denies the allegations of Paragraph 113. The Archdiocese further states that the Archdiocese, as trustee and under Canon Law, owes the Parishes fiduciary duties. No fiduciary duties are owed to Survivors with respect to Parish property.

114. The allegations of Paragraph 114 constitute a legal conclusion for which no response is necessary. To the extent a response is deemed required, the Archdiocese denies the allegations of Paragraph 114.

115. The Archdiocese denies the allegations of Paragraph 115.

116. The Archdiocese denies the allegations of Paragraph 116.

117. The Archdiocese denies the allegations of Paragraph 117.

## TWELFTH CLAIM FOR RELIEF

118. The Archdiocese incorporates by reference its responses to Paragraphs 1 through 117 as if fully set forth herein.

119. In response to the allegations contained in Paragraph 119 of the Complaint, the Archdiocese states that it is a corporation sole, and that it consists of the Archbishop. The Archdiocese denies the remainder of the allegations contained in Paragraph 119.

120. In response to the allegations in Paragraph 120 of the Complaint, the Archdiocese states that the complete Indenture of Trust is the best evidence of the information contained therein and to the extent the allegations in Paragraph 120 of the Complaint are inconsistent with the document, the allegations are denied.

121. In response to the allegations in Paragraph 121 of the Complaint, the Archdiocese states that the complete Indenture of Trust is the best evidence of the information contained therein and to the extent the allegations in Paragraph 121 of the Complaint are inconsistent with the document, the allegations are denied.

122. In response to the allegations in Paragraph 122 of the Complaint, the Archdiocese admits that is a Participant of the D&L Trust to the extent of its interest in funds in the D&L Trust, but there are no Archdiocese funds in the D&L Trust. The Archdiocese further states that each Participant is the beneficial owner of its portion or share of the D&L Trust.

123. In response to the allegations in Paragraph 123 of the Complaint, the Archdiocese states that because the Archdiocese has no rights or interest in the assets held in the D&L Trust,

the Archdiocese's bankruptcy estate has no rights in the assets held in the D&L Trust or the income derived therefrom.

124. The Archdiocese denies the allegations of Paragraph 124.

125. The Archdiocese denies the allegations of Paragraph 125.

## PRAYER FOR RELIEF

The Archdiocese denies that Plaintiff is entitled to obtain any relief under the Complaint.

## GENERAL DENIAL

The Archdiocese denies each and every allegation in Plaintiff's Complaint to which it did not specifically respond in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

The Archdiocese has not yet had the opportunity to ascertain all of the pertinent facts. Therefore, the Archdiocese is unable to state with certainty all of its defenses, whether affirmative or otherwise, and hereby expressly preserves all available defenses. The following defenses are conditional (and subject to modification, supplementation or withdrawal) upon facts, circumstances and matters learned through discovery, investigation, disclosure and any other source whatsoever. The Archdiocese does not waive any defense, whether affirmative or otherwise, available now or in the future. The affirmative and other defenses stated by the Archdiocese are the following:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted and therefore should be dismissed with prejudice.

2. Plaintiff's damages were not caused by any action or inaction of the Archdiocese.

3. Plaintiff's claims are barred by the applicable statute of limitations.

4. Plaintiff lacks standing to bring the stated claims because of the pending appeals filed in the underlying bankruptcy case (BAP No. NM-20-052 and BAP No. NM-20-053).

5. The documents referenced in the Complaint, including the Indenture of Trust and the Bylaws must be read and interpreted with reference to Canon Law, which is the internal legal system of the Roman Catholic Church, and which bears upon all actions of the Archdiocese.

6. The relief prayed for in the Complaint by the UCC requests that the Court violate the religious autonomy doctrine protected by the First Amendment to the United States Constitution. U.S. Const. Amend. I.

7. The Parishes' property rights are protected by the First Amendment to the United States Constitution, thereby barring the relief requested in the Complaint. U.S. Const. Amend. I. Plaintiff's claims are barred by the Religious Freedom Restoration Act. *See* 42 U.S.C. § 2000bb-1 *et seq.*

8. The alleged transfers that form the basis of Plaintiff's Complaint are not avoidable because they were taken in good faith and for a reasonably equivalent value given the debtor or against any subsequent transferee or oblige. *See* N.M.S.A. § 56-10-22(A).

9. The alleged transfers that form the basis of Plaintiff's Complaint are not avoidable from an immediate or mediate transferee that took for value. *See* N.M.S.A. § 56-10-22(B).

10. To the extent the alleged transfers that form the basis of Plaintiff's Complaint are avoidable and a judgment is based upon the value of the asset transferred, the judgment must be for an amount equal to the value of the asset at the time of the transfer, subject to an adjustment as the equities may require. *See* N.M.S.A. § 56-10-22(C).

11. To the extent the alleged transfers that form the basis of Plaintiff' Complaint are avoidable, the Parishes are entitled, to the extent of the value given to the Archdiocese, (1) a lien on or a right to retain an interest in the asset transferred; (2) enforcement of an obligation incurred; or (3) a reduction in the amount of the liability on the judgment. *See* N.M.S.A. § 56-10-22(D).

12. The alleged transfers that form the basis of Plaintiff's Complaint do not constitute avoidable transfers under the Bankruptcy Code. *See* 11 U.S.C. § 548(a); 11 U.S.C. § 550(b).

13. The Archdiocese did not transfer any Archdiocese assets into the D&L Trust; all assets subject to the D&L Trust were at all times Parish assets, and there are no transfers that are subject to avoidance.

14. The D&L Trust is a spendthrift trust; no Archdiocese assets were transferred into the D&L Trust and, therefore, the spendthrift provisions remain enforceable, thereby barring relief prayed for in the Complaint.

WHEREFORE, the Archdiocese requests that this Court dismiss Plaintiff's Complaint with prejudice, award the Archdiocese its attorneys' fees and costs, and award the Archdiocese any other relief that it deems just and equitable.

Respectfully submitted,

ELSAESSER ANDERSON, CHTD.
*/s/ Bruce A. Anderson*
Ford Elsaesser
Bruce A. Anderson
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID 83815
(208) 667-2900
Fax: (208) 667-2150
ford@eaidaho.com
brucea@eaidaho.com

-and-

WALKER & ASSOCIATES, P.C.
*/s/ Thomas D. Walker*
Thomas D. Walker
Chris W. Pierce
500 Marquette N.W., Suite 650
Albuquerque, New Mexico 87102
(505) 766-9272
Fax: (505) 722-9287
twalker@walkerlawpc.com
cpierce@walkerlawpc.com
Counsel for Debtor

Pursuant to F.R.C.P. 5(b)(3), F.R.B.P. 9036 and
NM LBR 9036-1(b), I hereby certify that service of
the foregoing was made on November 30, 2020 via
the notice transmission facilities of the Bankruptcy
Court's case management and electronic filing
system.

*/s/ Thomas D. Walker*
Thomas D. Walker